UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**BARBARA DAVIS**                                   **CIVIL ACTION NO.**

**VERSUS**                                          **20-322-JWD-EWD**

**SOUTHERN FARM BUREAU**
**CASUALTY INSURANCE**
**COMPANY, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages asserted by Barbara Davis ("Plaintiff") based upon the injuries she allegedly sustained on April 5, 2019 in a motor vehicle accident in East Baton Rouge Parish, Louisiana (the "Accident").[1] On March 25, 2020, Plaintiff filed her Petition for Damages ("Petition") against Jordan Malatesta ("Malatesta"), the driver of the vehicle; Southern Farm Bureau Casualty Insurance Company ("Southern Farm Bureau"), Malatesta's automobile insurer; and State Farm Mutual Automobile Insurance Company ("State Farm"), Plaintiff's uninsured/underinsured insurer (collectively, "Defendants") in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[2] In the Petition, Plaintiff alleges that she suffered personal injuries as a result of the Accident which was caused by the negligence of Malatesta.[3] On May 28, 2020, the matter was removed by Malatesta to this Court, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4]

Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish diversity jurisdiction under 28 U.S.C. § 1332. Citizenship has been

---

[1] R. Doc. 1-3, p. 2.
[2] R. Doc. 1-3, p. 2.
[3] R. Doc. 1-3, pp. 2-3.
[4] R. Doc. 1, ¶¶ 3, 13. Malatesta avers that the other Defendants had not been served with the Petition at the time of removal. *Id.* at ¶ 14.

properly alleged as to Plaintiff and Defendants in the Notice of Removal.[5] However, it is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs, as required by 28 U.S.C. § 1332. Plaintiff's Petition alleges that Plaintiff's vehicle was rear-ended by Malatesta's vehicle, which caused "property damage and personal injuries" to Plaintiff, for which she is undergoing treatment.[6] As a result of these injuries, Plaintiff alleges she has incurred damages, past, present, and future, for medical expenses, physical and mental pain and suffering, emotional distress, loss of enjoyment of life, lost wages and earning capacity, property damage, and "all other damages to be proven at the trial of this matter."[7]

Plaintiff's allegations of property damage and personal injuries in the Petition fail to provide details about Plaintiff's injuries, including but not limited to, whether they are permanent, whether a surgery has been recommended, and/or Plaintiff's future prognosis. The Petition also does not indicate the amount of medical expenses Plaintiff has incurred, whether Plaintiff is working/can work, or the amount of Plaintiff's alleged property damage. Further, Plaintiff's pleading of general categories of damages (*i.e.*, past, present, and future medical expenses, physical pain and suffering, *etc.*) is insufficient to establish that the federal jurisdictional minimum is reached.[8] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the

---

[5] *See* R. Doc. 1, ¶ 12 (alleging Plaintiff is a Louisiana domiciliary (*and see* R. Doc. 1-3, introductory paragraph alleging same), Malatesta is an Arkansas domiciliary, Southern Farm Bureau is a Mississippi corporation with its principal place of business in Mississippi, and State Farm is an Illinois corporation with its principal place of business in Illinois).
[6] R. Doc. 1-3, p. 2, ¶ 2 and p. 3, ¶ 6.
[7] R. Doc. 1-3, p. 3, ¶ 6.
[8] *See Davis v. JK & T Wings, Inc.*, 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.

removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[9]

The Notice of Removal acknowledges that it is not facially apparent that Plaintiff's claims exceed the jurisdictional threshold because the Petition asserts only "very basic allegations of injuries without any mention of specific medical treatment or the severity of the damages," but asserts that Plaintiff's medical records and medical bills which are attached to the Notice of Removal, and Plaintiff's potential claim for lost wages/loss of earning capacity, establish that Plaintiff's claims in this case likely exceed $75,000, exclusive of interest and costs.[10] Specifically, Malatesta contends that Plaintiff's medical bills reflect that Plaintiff has incurred $30,467 in past medical expenses resulting from injuries to Plaintiff's back, neck, and shoulders, including a sprain/contusion of the cervical and lumbar spine and shoulders, low back pain, a herniated cervical disc, a herniated lumbar disc, a bulging disc, degenerative joint disease of both shoulders, and a small partial surface tear of the supraspinatus tendon in the left shoulder. Malatesta further relies on medical records which show that Plaintiff received physical therapy treatment and medication, MRI's, epidural steroid injections, bilateral medial branch blocks, and a bilateral lumbar rhizotomy. The medical bills also reflect that Plaintiff was unable to return to work due to the Accident for a period of time.[11] Malatesta relies on cases from this Court and the Louisiana state courts of appeal to argue that damage awards for herniated and bulging discs are in the range of $50,000 to $135,000, and damage awards for soft tissue injuries of the neck and back range

---

[9] *See Anderson v. Swift Transportation Company of Arizona, LLC*, No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012)), (*citing Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).
[10] R. Doc. 1, ¶ 6.
[11] R. Doc. 1, ¶¶ 7-8 *and see* R. Doc. 1-4 *in globo,* and particularly, at pp. 52-54, 58, 60, 62, 66, and 80.

from $45,000 to $55,000.[12] According to Malatesta, a damage award on the low side of these ranges, combined with Plaintiff's past medicals of $30,467, will exceed the jurisdictional threshold without consideration of Plaintiff's lost wage claim.[13]

Whether Plaintiff's damages meet the jurisdictional threshold is a close question on the facts and evidence currently in the record. Plaintiff has more than $30,000 in medical expenses, two herniated discs, one bulging disc, a tear in her shoulder, and pain for over a year post-Accident, and Plaintiff has undergone various forms of treatment including steroid injections, branch blocks, and a rhizotomy. This Court and others have previously held that a removing defendant has sustained its burden of establishing that the amount in controversy is met where the plaintiff has herniated discs[14] with and without surgery recommendations,[15] and "where medical bills showed

---

[12] R. Doc. 1, ¶¶ 9-10, *citing Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (other citations omitted).

[13] R. Doc. 1, ¶ 10.

[14] Conversely, bulging discs alone have been held insufficient to establish the amount in controversy. *See Shelton v. Hallmark Trucking Ins. Co.,* No. 17-1683-BAJ-EWD, 2018 WL 1998341, at *4 (M.D. La. Mar. 27, 2018), *report and recommendation adopted sub nom., Shelton v. Hallmark Specialty Ins. Co.,* No. 17-01683-BAJ-EWD, 2018 WL 1997543 (M.D. La. Apr. 27, 2018) *citing Cole v. Mesilla Valley Transportation*, No. 16-841, 2017 WL 1682561 (M.D. La. March 14, 2017), wherein this Court held: "a general review of quantum cases demonstrates that general damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections." 2017 WL 1682561, at * 5. (*citing Clement v. Carbon*, No. 13-CA-827, 153 So.3d 460, 464 (La. App. 5 Cir. April 9, 2014) (affirming award of $30,000 in general damages for bulging disc at C5-6); *Moody v. Cummings*, No. 2009-CA-1233, 37 So.3d 1054, 1062 (La. App. 4 Cir. April 14, 2010) (affirming award of $45,000 in general damages for minimal bulging at C2-3, C4-5, and C5-6, which appeared to be degenerative, and not traumatic in origin, and pain for a period of 4 years); *Mixter v. Wilson*, No. 10-CA-464, 54 So.3d 1164, 1169 (La. App. 5 Cir. Dec. 10, 2010) (increasing award for general damages to $30,000 where MRI revealed two ruptured discs and one bulging disc, and plaintiff was treated with epidural steroid injections); *Holford v. Allstate Ins. Co.*, No. 41,187-CA, 935 So.2d 758, 763 (La. App. 2 Cir. June 28, 2006) (affirming general damages award of $25,000 for "chronic back pain" where MRIs revealed mild bulging discs at L1-2 and T11-12 likely aggravated by the accident); *DiMaggio v. Williams*, No. 04-CA-1415, 04-CA-1416, 900 So.2d 1014, 1019 (La. App. 5 Cir. March 29, 2005) (affirming general damages award of $15,000 for two bulging discs); *Orillac v. Solomon*, No. 33,701-CA, 765 So.2d 1185, 1190 (La. App. 2 Cir. Aug. 23, 2000) (reducing general damages award to $30,000 where MRI revealed minimal bulging of two discs and slight encroachment between vertebra; *but see Locke v. Young*, 42,703-CA, 973 So.2d 831, 847 (La. App. 2 Cir. Dec. 12, 2007) (reducing award of $150,000 in general damages award for two bulging discs to $75,000) ).

[15] *See Thomas v. Louis Dreyfus Commodities, LLC,* No. 15-394-SDD-RLB, 2016 WL 1317937, at *4 (M.D. La. Mar. 11, 2016), *report and recommendation adopted,* No. 15-394-SDD-RLB, 2016 WL 1337655 (M.D. La. Apr. 1, 2016) ("This court recognizes that "[w]hether or not a herniated disc satisfies the amount in controversy often turns on whether surgery is recommended." *Robinson v. Kmart Corp.*, No. 11–12, 2011 WL 2790192, at *4, n. 4 (M.D.La. Apr. 28, 2011), *report and recommendation adopted,* 2011 WL 2937952 (M.D. La. July 14, 2011). Accordingly, courts have found the lack of a recommendation for surgery to be significant in determining whether a plaintiff seeking damages including those for a herniated disc meets the amount in controversy requirement when balanced with other

consistent treatment with larger medical charges."[16]  Malatesta relies on this Court's holding in *Thibodeaux v. GEICO*.  Although that case involves injuries similar to Plaintiff's, *Thibodeaux* is distinguishable because the plaintiff in *Thibodeaux* had $45,000 in medical expenses and there was an affidavit submitted attesting to a settlement demand far in excess of the jurisdictional threshold.[17]  Malatesta has not indicated whether Plaintiff has made any settlement demands in this case and has not introduced any other evidence that would indicate that the amount in controversy requirement is met (*i.e.*, evidence of the amount of Plaintiff's alleged lost wages [particularly because the medical records reflect that on May 1, 2019, Plaintiff's physician declined to continue providing documentation supporting Plaintiff's leave from work after observing videos of Plaintiff engaging in physical activity on social media that "she should not be participating in with the complaints of back pain she has"],[18] discovery admissions, evidence of property damage,

---

factors in the record. *See, e.g., Hebert v. Hanco Nat. Ins. Co*., No. 07–362, 2009 WL 255948, at *4-5 (M.D. La. Feb. 3, 2009) (amount in controversy not satisfied where plaintiff "suffers from a herniated disc, without any recommendation for surgery" and the plaintiff "continues to work, continues to engage in activities of daily living, and does not seek damages for mental anguish"); *Espadron v. State Farm Mut. Auto. Ins. Co.,* No. 10–53, 2010 WL 3168417 (E.D. La. Aug. 9, 2010) (amount in controversy not satisfied where plaintiff in car crash suffered a "herniated cervical disc [or] segmental cervical instability" and a "herniated lumbar disc [or] segmental lumbosacral instability" and was a "potential surgical candidate" and plaintiff stipulated that his damages did not exceed $50,000). There is no evidence in the record that Plaintiff's physicians have recommended him to undergo surgery for his herniated or bulging disc(s).  That said, the potential award of general damages where herniated discs are alleged and the plaintiff has not undergone surgery is significant, and courts have found the amount in controversy satisfied where such allegations are made. The Western District of Louisiana denied remand, and found the jurisdictional minimum was satisfied, where the defendants "produced medical evidence in the form of MRIs showing herniated discs in the neck and back" of a plaintiff who claimed damages resulting from a slip-and-fall and did not have any surgery. *See Reeves v. TPI Restaurants, Inc.,* No. 05-1778, 2007 WL 1308380, at *2 (W.D. La. Apr. 13, 2007) (citing *Fruge v. Hebert Oilfield Constr., Inc.,* 856 So.2d 100 (La.App. 3rd Cir., 2003); *Hoyt v. Grey Ins. Co.,* 809 So.2d 1076 (La.App. 4th Cir., 2002)), *report and recommendation adopted,* ECF No. 26 (W.D. La. May 3, 2007)….").
[16] *Shelton v. Hallmark Trucking Ins. Co.,* No. CV 17-1683-BAJ-EWD, 2018 WL 1998341, at *4 (M.D. La. Mar. 27, 2018), *report and recommendation adopted sub nom. Shelton v. Hallmark Specialty Ins. Co.*, No. CV 17-01683-BAJ-EWD, 2018 WL 1997543 (M.D. La. Apr. 27, 2018) citing *Thibodeaux v. GEICO*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (medical bills in excess of $45,000); *Thomas v. Louis Dreyfus Commodities, LLC*, Civil Action No. 15-394, 2016 WL 1317937 (M.D. La. March 11, 2016) (recommending denial of motion to remand where plaintiff submitted medical bills totaling $26,637.57 and alleged other injuries in addition to bulging and herniated discs).
[17] *Thibodeaux,* 2016 WL 4055660, at *2.
[18] R. Doc. 1-4, p. 74.

refusal to execute a stipulation, *etc.*).[19]  Plaintiff's Petition also does not contain a jury demand. While close, Defendants have not yet met their burden of establishing that the amount in controversy is satisfied.  Although Plaintiff has not filed a Motion to Remand in this case, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[20]

Accordingly,

**IT IS ORDERED** that, **on or before June 18, 2020,** Defendant Jordan Malatesta shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that, **on or before July 2, 2020,** Plaintiff Barbara Davis shall file either: (1) a Notice stating that Plaintiff agrees that Defendant has established, by a preponderance of the evidence, that the amount in controversy likely exceeds $75,000.00;[21] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on June 4, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] Malatesta also did not provide any quantum analysis regarding the alleged tear of the supraspinatus tendon in Plaintiff's left shoulder R. Doc. 1, p. 5, n.7.
[20] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").
[21] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).